UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARDIODX, INC., et al., <br><br> Defendants. | Case No. 15-cv-01339-WHO <br><br> **ORDER ON LEVISON MOTION TO DISMISS** <br><br> Re: Dkt. No. 106 |

Defendant David Levison moves to dismiss the claims asserted against him in plaintiff-relator Bryan Barnette's Second Amended Complaint (SAC). The motion is GRANTED with partial leave to amend.

## BACKGROUND

As a relator on behalf of the United States, Bryan Barnette alleges that defendant CardioDx, Inc. (Cardio) fraudulently sought reimbursement from the federally funded Medicare program for medically unnecessary, excessive, and ineffective cardiovascular tests known as Corus CAD tests. SAC ¶ 1. In addition, he asserts that Levison caused, or aided and abetted in causing, submission of fraudulent claims for Corus CAD tests to private insurers in violation of California law. *Id*. ¶ 2.[1] Defendant Levison is alleged to be the founder, former Chief Executive Officer, and current Chief Strategy Office at Cardio and also on the company's board of directors. *Id*. ¶ 11. As relevant to this motion, and as a relator on behalf of the State of California, Barnette contends that Levison and other defendants committed insurance fraud by impermissibly procuring patients, receiving kickbacks, and submitting false claims in violation of the California Insurance Frauds Prevention Act (IFPA), Cal. Ins. Code §§ 1871.7(a), (b) and Cal. Penal Code §§

---

[1] A more detailed factual and procedural background of this case is provided in the Court's Order on the prior Motion to Dismiss. Dkt. No. 102.

549, 550(a)(1), (a)(5), (a)(6)). *See* SAC Fifth, Sixth, Seventh, Eighth & Ninth Causes of Action.

In the Order granting motions to dismiss the First Amended Complaint, Dkt. No. 102, I found – with particular respect to Levison – that the allegations against him were deficient. May 2019 Order [Dkt. No.102] 18-19; *see also id*. 18 (noting the "only direct allegation against him is that he and defendant Kilpatrick 'were heavily involved in' the Palmetto GBA 'approval process, and played key roles in inducing Palmetto GBA to approve the Corus CAD test.'"). I explained that:

> Barnette must allege facts explaining – and limiting as applicable – Levison's potential liability to specifically identified acts of fraud and the particular Schemes alleged. What did Levison know and do, as opposed to what others may have done? I recognize that the actions of the company may in some instances be plausibly attributed to direction by Levison because of his role as founder, CEO, and Chief Strategy Officer, but the connective tissue joining those allegations and his role or roles at the time of the specific fraudulent acts alleged must be provided. Similarly, although I recognize that Levison's role at CEO may put him on a different footing as one who might have "employed" functional runners and cappers, facts supporting the state law IFPA claims against him are nonetheless missing.

*Id*. at 19. In the SAC, Barnette adds significantly more factual allegations regarding Levison's conduct with respect to the Corus CAD tests and his efforts to oversee government approval of those tests. SAC ¶¶ 18-32.

Levison now moves to dismiss only the Fifth through Ninth causes of action as to him. Those state law claims allege generally that defendants committed insurance fraud by impermissibly procuring patients, receiving kickbacks, and submitting false claims in violation of the IFPA. Barnette does not oppose the motion as to the Fifth, Sixth, and Ninth Causes of Action.[2] Therefore, the only two causes of action at issue on this motion are the Seventh and Eighth alleging violations of IFPA.

---

[2] The Fifth Cause of Action was asserted under California Insurance Frauds Prevention Act (IFPA, Cal. Ins. Code § 1871.7(a)) prohibiting the "employment of runners, cappers and steerers or other persons" to procure patients. The Sixth Cause of Action was asserted under IFPA (Cal. Ins. Code § 1871.7(b); Cal. Pen. Code § 550(a)), prohibiting presenting or causing to be presented false or fraudulent claims for the payment of an injury under a contract of insurance. The Ninth Cause of Action was asserted under IFPA (Cal. Ins. Code § 1871.7(b); Cal. Pen. Code § 549), prohibiting soliciting, accepting, and referring business to or from an individual or entity that intends to violate Section 550 of the Penal Code or Section 1871.4 of the Insurance Code.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

The Seventh Cause of Action alleges a violation of the IFPA (Cal. Ins. Code § 1871.7(b); Cal. Pen. Code § 550(a)(5)) for knowingly preparing or making any writing in support of a false or fraudulent claim. More specifically, Barnette asserts that Levison and other defendants "either knowingly prepared, made, or subscribed a writing with an intent to present or use it, or to allow it to be presented, in support of false and fraudulent claims for the reimbursement of Corus CAD tests performed on patients, or have aided, abetted, and solicited, or conspired to make, or subscribe such a writing," and the "writings include bills for payment presented to insurance carriers for payment, and invoices prepared in support of such bills for payment. Such bills for payment constitute false or fraudulent claims because through those bills." SAC ¶¶ 108-109. The Eighth Cause of Action alleges a violation of the IFPA (Cal. Ins. Code § 1871.7(b); Cal. Pen. Code § 550(a)(6)) for knowingly making or causing to be made any false or fraudulent claim for

3

payment of a health benefit. Barnette contends that Levison and other defendants have "either knowingly presented or caused to be presented false and fraudulent claims for reimbursement of Corus CAD tests performed on patients, or have aided abetted, and solicited, or conspired to present or cause to be presented such false and fraudulent claims." SAC ¶ 113.

Levison argues that the SAC fails to adequately allege these claims because Barnette's theory about Levison in the SAC – that Levison fraudulently induced Medicare to approve and cover the Corus CAD test despite knowing it was ineffective for Medicare-age patients – does not support a plausible inference that Levison submitted a false claim or aided and abetted a false claim to an insurer under California law. In opposition, Barnette argues that because the Corus CAD test was medically unnecessary for Medicare-age patients and it is "common knowledge" that "private insurers do not reimburse for medically unnecessary procedures and that [those private insurers] follow Medicare guidelines for determining medical necessity," Oppo. at 2, the reasonable inference from the facts he pleaded in the SAC is that Levison caused private insurers to reimburse for medically unnecessary tests. Barnette admits that he is relying on those inferences and they are not expressly pleaded and if I am inclined to grant Levison's motion, he "requests leave to amend to add an allegation that private insurers would not have knowingly reimbursed CardioDx for medically unnecessary Corus CAD tests." Oppo. at 4. Given those inferences, as well as the added detailed facts regarding Levison's direct role in securing Medicare approval for the Corus CAD tests, Barnette argues that he has likewise sufficiently alleged how Levison aided and abetting the submission of false or fraudulent claims to private insurers under California law.

In Reply, Levison disputes whether Barnette's asked-for inferences are appropriate and reasonable. Levison, however, does not dispute that if the SAC actually contained the allegations Barnette wants the Court to infer, the allegations would be sufficient to state the Seventh and Eighth causes of action.[3] Leave to amend, therefore, will be granted for Barnette to expressly

---

[3] In his Reply, Levison raises a wholly new argument as to the Seventh Cause of Action; that Barnette's claim nevertheless fails because he does not identify who he conspired with to submit false claims and that it cannot be CardioDx (because an employee cannot conspire with an employer). Reply at 3-4. I will not consider a new argument raised for the first time in reply, but

4

assert the missing allegations.

The Motion to Dismiss the SAC is GRANTED. The Fifth, Sixth, and Ninth Causes of Action are DISMISSED WITH PREJUDICE. The Seventh and Eighth Causes of Action are DISMISSED with leave to amend. Barnette shall file a Third Amended Complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 18, 2019



William H. Orrick
United States District Judge

---

Barnette should, in his Third Amended Complaint, identify the person or persons who he aided, abetted, or otherwise conspired with.